UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| VICTORIA R. KORDA,<br><br>               Plaintiff,<br><br>   vs.<br><br>STATE OF HAWAII HOSPITAL, DR.<br>DOVOLLIE, HEATHER HUNINGTON,<br>SUSAN FERGUSON, TRACY BROWNE,<br><br>           Defendants. | CIV. NO. 24-00109 LEK-WRP |

**ORDER: DISMISSING PLAINTIFF'S COMPLAINT FOR A CIVIL CASE [DKT.NO. 1]; DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 13]; GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT; AND DENYING PLAINTIFF'S SHORT-FORM AND LONG-FORM APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On March 8, 2024, pro se Plaintiff Victoria R. Korda ("Plaintiff") filed a Complaint for a Civil Case ("Initial Complaint"), and a Complaint submitted on a form that is captioned for the United States Court of Federal Claims ("Second Complaint"). [Dkt. nos. 1, 13.] The Court construes the documents collectively as Plaintiff's complaint ("Complaint"). The same day, Plaintiff filed a short-form and long-form Application to Proceed in District Court Without Prepaying Fees or Costs ("Short-Form Application," "Long-Form Application"). [Dkt. nos. 3, 4.] The Court construes the documents collectively as one application ("Application"). Plaintiff has since filed additional documents and exhibits, apparently in support of her

Complaint. [Dkt nos. 6-12, 14, 16-19, 22-26, 28-39.[1]] For the reasons set forth below, the Complaint is dismissed without prejudice and the Application is denied without prejudice. In other words, Plaintiff will be allowed to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order, and this Court will allow Plaintiff to file a new Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff's amended complaint must be filed by **June 21, 2024**. If Plaintiff files an amended complaint, she must file a new Application to Proceed in District Court Without Prepaying Fees or Costs or pay the filing fee.

**STANDARD**

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action
> commenced pursuant to Section 1915(a) to
> mandatory screening and can order the dismissal
> of any claims it finds "frivolous, malicious,
> failing to state a claim upon which relief may be
> granted, or seeking monetary relief from a

---

[1] Some of these documents are repetitive, as they are refiled versions of the same document. Additionally, Plaintiff refiled her Initial Complaint. [Dkt. no. 40.] The Court disregards the identical repetitive documents.

defendant immune from such relief." 28 U.S.C.
§ 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122,
1126-27 (9th Cir. 2000) (en banc) (stating that
28 U.S.C. § 1915(e) "not only permits but
requires" the court to *sua sponte* dismiss an *in
forma pauperis* complaint that fails to state a
claim);[2] <u>Calhoun v. Stahl</u>, 254 F.3d 845, 845
(9th Cir. 2001) (per curiam) (holding that "the
provisions of 28 U.S.C. § 1915(e)(2)(B) are not
limited to prisoners").

<u>Id.</u> at *3.

In addition, the following standards apply in the

screening analysis:

Plaintiff is appearing pro se; consequently,
the court liberally construes her pleadings.
<u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir.
1987) ("The Supreme Court has instructed the
federal courts to liberally construe the
'inartful pleading' of pro se litigants." (citing
<u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per
curiam))). The court also recognizes that
"[u]nless it is absolutely clear that no
amendment can cure the defect . . . a pro se
litigant is entitled to notice of the complaint's
deficiencies and an opportunity to amend prior to
dismissal of the action." <u>Lucas v. Dep't of
Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995); <u>see also
Lopez v. Smith</u>, 203 F.3d 1122, 1126 (9th. [sic]
Cir. 2000).

Despite the liberal pro se pleading
standard, the court may dismiss a complaint
pursuant to Federal Rule of Civil
Procedure 12(b)(6) on its own motion. <u>See Omar v.
Sea-Land Serv., Inc.</u>, 813 F.2d 986, 991 (9th Cir.
1987) ("A trial court may dismiss a claim *sua
sponte* under [Rule] 12(b)(6). Such a dismissal
may be made without notice where the claimant
cannot possibly win relief."); <u>see also Baker v.
Dir., U.S. Parole Comm'n</u>, 916 F.2d 725, 727 (D.C.

---

[2] <u>Lopez</u> has been overruled, in part, on other grounds
by <u>Peralta v. Dillard</u>, 744 F.3d 1076 (9th Cir. 2014) (en banc).

> Cir. 1990) (holding that district court may
> dismiss cases *sua sponte* pursuant to
> Rule 12(b)(6) without notice where plaintiff
> could not prevail on complaint as alleged). . . .
> "Federal courts are courts of limited
> jurisdiction," possessing "only that power
> authorized by Constitution and statute." United
> States v. Marks, 530 F.3d 799, 810 (9th Cir.
> 2008) (quoting Kokkonen v. Guardian Life Ins.
> Co., 511 U.S. 375, 377 (1994)). The assumption is
> that the district court lacks jurisdiction. See
> Kokkonen, 511 U.S. at 377. Accordingly, a "party
> invoking the federal court's jurisdiction has the
> burden of proving the actual existence of subject
> matter jurisdiction." Thompson v. McCombe, 99
> F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1

(D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some

citations omitted).

## DISCUSSION

## I.   Screening of the Complaint

Plaintiff's Complaint is indecipherable. In the

Initial Complaint, under the "statement of a claim" heading,

Plaintiff states "Judge Kennith Shiminzo District Court

Aquittal, Qulifying Relife. As stated, I stayed at Hawaii State

Hospital 10/13/21 to 3/8/22 Intentional Torts. Wrongful Civil

Acts. OF Civil Violation Assut on Defendent. Compensation

relief?, Provisional relife? Sought. Due Process Clauses of

Constitution. Exemplary?" [Initial Complaint at PageID.4.]

Elsewhere, Plaintiff appears to be alleging a "Medical Tort

Claim." [Id. at PageID.5.] Attached to the Initial Complaint are

4

over 200 pages of documents. It is unclear how these documents relate to the case. Some appear to be emails; [id. at PageID.8-18;] some are flight bookings; [id. at PageID.63-64;] one is a copy of the Ten Commandments; [Initial Complaint at PageID.7;] some appear to be medical records; [id. at PageID.33-34, 45, 52-54;] and some are copies of various statutes and rules, [id. at PageID.105-26;]. As to the Second Complaint, Plaintiff refers to a separate case in this district before another judge which allegedly concluded with an "Improper recommendation." [Second Complaint at A-6 (referring to Case CV 22-00369 HG RT).]]

   While the Court is obligated to liberally construe Plaintiff's Complaint, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), Plaintiff must still follow all applicable rules, including the Federal Rules of Civil Procedure. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).[3] Plaintiff has failed plead "a short and plain statement" of her claims as required by Federal Rule of Civil Procedure 8(a). Rule 8(a) provides "[a] pleading that states a claim for relief must contain:"

>      (1)  a short and plain statement of the grounds
>      for the court's jurisdiction, unless the court
>      already has jurisdiction and the claim needs no
>      new jurisdictional support;

---

[3] King was overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896, 925, 928 (9th Cir. 2012). See, e.g., Sasaki v. Inch, Case No. 18-cv-00270-DKW-KJM, 2019 WL 923880, at *3 (D. Hawai`i Feb. 25, 2019).

> (2)  a short and plain statement of the claim
> showing that the pleader is entitled to relief;
> and
>
> (3)  a demand for the relief sought, which may
> include relief in the alternative or different
> types of relief.

Under Rule 8, a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Plaintiff is far from meeting this standard. The Complaint must be dismissed on this basis.

The Complaint is dismissed for the additional reason that Plaintiff fails to state a claim upon which relief may be granted. See Lopez, 203 F.3d at 1126-27. Even liberally construing Plaintiff's Complaint, it is unclear what claims Plaintiff is alleging. The Court cannot evaluate whether Plaintiff states any claims for relief.

For these reasons, the Complaint is DISMISSED. However, because it is arguably possible for Plaintiff to cure the defects in the Complaint, the dismissal must be without prejudice – in other words, with leave to amend. See Lucas, 66 F.3d at 248.

If Plaintiff should so choose, Plaintiff may attempt to remedy the deficiencies in the Complaint by filing an amended complaint. To do so, Plaintiff's amended complaint must explain:

(1) the specific basis for federal jurisdiction; (2) the constitutional, statutory, or other legal rights she believes were violated; (3) each defendant's precise actions or inactions; (4) when each defendant acted or failed to act; (5) how each defendant's actions or inactions are connected to the alleged violations of Plaintiff's rights; and (6) the specific injuries that Plaintiff suffered as a result of the defendants' conduct. Failure to affirmatively allege that each defendant's conduct is connected to a specific injury Plaintiff suffered will result in such allegations being dismissed for failure to state a claim.

Plaintiff's amended complaint must be a short and plain statement. "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiff may, but is not required to, use the form "Complaint for a Civil Case," which is available on this district court's website under the Form Name "Pro Se 1" at https://www.hid.uscourts.gov/court-forms/civil. Plaintiff's amended complaint must include all of the claims that she wishes to allege, and all of the allegations that her claims are based upon, even if she previously presented them in the original Complaint. She cannot incorporate any part of the original Complaint into the amended complaint by merely referring to the original Complaint. Nor may Plaintiff refer to documents or exhibits that were previously filed. Plaintiff is

cautioned that, if she fails to file her amended complaint by the deadline in this Order, or if the amended complaint fails to cure the defects identified in this Order, her claims will be dismissed with prejudice – in other words, without leave to amend. Plaintiff would then have no remaining claims in this case, and the Clerk's Office would be directed to close the case.

## II.  **Application**

Plaintiff submitted both a Short-Form Application and a Long-Form Application, however, the information on these Applications is not entirely consistent. For example, Plaintiff states in the Short-Form Application that she has $400.00 in cash in a checking or savings account [Short-Form Application at PageID.251,] whereas Plaintiff states in the Long-Form Application that she and her spouse have $0 [Long-Form Application at 2]. For this reason, Plaintiffs' Applications are denied without prejudice to the filing of a new Application to Proceed in District Court Without Prepaying Fees or Costs. For Plaintiff's information, the Application to Proceed Without Prepayment of Fees & Affidavit form, which is available on this district court's website under the Form Name "AO 240" at https://www.hid.uscourts.gov/court-forms/civil.

III. **Other Motions**

On March 8, 2024, Plaintiff filed an Application for
Access to Information Under Protective Order by Outside or
Inside Counsel on a form that is captioned for the United States
Court of Federal Claims. [Dkt. no. 15.] On March 21, 2024,
Plaintiff filed a request for an investigator for this case,
apparently because no summonses have been issued ("Request for
Investigator"). [Dkt. no. 20.] In light of the instant Order,
both of these requests are denied as premature.

On March 27, 2024, Plaintiff filed a "Request of
Review" of the instant case, apparently arguing that docket
number 9 should have been filed under seal ("3/27 Motion").
[Dkt. no. 21.] The Court liberally construes this filing as a
motion to seal docket number 9, titled Confidential Statement,
filed on March 8, 2024.

The public has a general right to inspect judicial
records and documents, such that a party seeking to seal a
judicial record must overcome "a strong presumption in favor of
access." Kamakana v. Honolulu, 447 F.3d 1172, 1178 (9th Cir.
2006) (quotation marks and citation omitted). To do so, the
party must "articulate compelling reasons supported by specific
factual findings that outweigh the general history of access and
the public policies favoring disclosure . . . ." Id. at 1178-79
(brackets and internal quotation marks and citations omitted).

9

The "compelling reasons" standard applies when the materials sought to be sealed are "more than tangentially related to the merits of a case." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016). When a motion is only tangentially related to the merits of a case, the less stringent "good cause" standard of Federal Rule of Civil Procedure 26(c) applies. Id. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result if not protective order is granted." Phillips ex. rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citations omitted).

However, Plaintiff does not give any explanation as to why the Confidential Statement should be sealed. See generally, dkt. nos. 9, 21. Because no basis that warrants sealing the Confidential Statement has been raised, the Court declines to seal the Confidential Statement. Accordingly, the 3/27 Motion is denied.

<u>**CONCLUSION**</u>

On the basis of the foregoing, the documents that are collectively construed as Plaintiff's Complaint, filed March 8, 2024, are HEREBY DISMISSED. The dismissal is WITHOUT PREJUDICE to the filing an amended complaint that cures the defects identified in this Order. Plaintiff is GRANTED leave to file an amended complaint by **June 21, 2024**. The amended complaint must

10

comply with the terms of this Order. Plaintiff is CAUTIONED that, if she fails to file an amended complaint by **June 21, 2024**, the Complaint will be dismissed with prejudice on **June 24, 2024**.

In addition, Plaintiff's short-form and long-form Application to Proceed in District Court Without Prepaying Fees or Costs, both filed March 8, 2024, are DENIED. Plaintiff is ORDERED to either file a new Application to Proceed in District Court Without Prepaying Fees or Costs or pay the filing fee when she files her amended complaint. Plaintiff is CAUTIONED that, if she files her amended complaint but fails to pay the filing fee or file a new Application to Proceed in District Court Without Prepaying Fees or Costs, this action will be automatically dismissed.

Plaintiff's Application for Access to Information Under Protective Order by Outside or Inside Counsel, filed March 8, 2024, Request for Investigator, filed March 21, 2024, and Request for Review, filed March 27, 2024, are DENIED.

IT IS SO ORDERED.

11

DATED AT HONOLULU, HAWAII, April 22, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

VICTORIA R. KORDA VS. STATE OF HAWAII HOSPITAL, ET AL; CV 24-00109 LEK-WRP; ORDER:  DISMISSING PLAINTIFF'S COMPLAINT FOR A CIVIL CASE [DKT. NO. 1]; DISMISSING PLAINTIFF'S COMPLAINT [DKT. 13]; GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT; AND DENYING PLAINTIFF'S SHORT-FORM AND LONG-FORM APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS