UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| VICTORIA R. KORDA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF HAWAII HOSPITAL, DR. DOVOLLIE, HEATHER HUNINGTON, SUSAN FERGUSON, TRACY BROWNE,<br><br>　　　　　　Defendants. | CIV. NO. 24-00109 LEK-WRP |

**ORDER DISMISSING CASE WITH PREJUDICE;**
**AND DENYING OUTSTANDING MOTIONS AS MOOT**

　　　　On March 8, 2024, pro se Plaintiff Victoria R. Korda ("Plaintiff") filed a Complaint for a Civil Case, and a Complaint submitted on a form that is captioned for the United States Court of Federal Claims. [Dkt. nos. 1, 13.] The documents are construed collectively as Plaintiff's complaint ("Complaint"). The same day, Plaintiff filed a short-form and long-form Application to Proceed in District Court Without Prepaying Fees or Costs (collectively "Applications"). [Dkt. nos. 3, 4.] On April 22, 2024, the Court issued an order dismissing Plaintiff's Complaint with leave to amend and reserving ruling on Plaintiff's Applications ("4/22 Order"). [Dkt. no. 41.[1]] The deadline for Plaintiff to file her amended

---

　　　　[1] The 4/22 Order is also available at 2024 WL 1719912.

complaint was July 5, 2024. See Minute Order - EO: Court Order Construing Plaintiff's "Statement to All Partys HSH USDC" [Dkt. No. 84] as a Motion for Extension to File Amended Complaint, Granting the Extension to File Amended Complaint, and Directing Plaintiff Not to File Exhibits Unattached to Any Pleading or Motion, filed 6/7/24 (dkt. no. 112), at PageID.2265.

On July 2, 2024, Plaintiff filed a document titled "Ex Parte Motion Amend To Complaint Fraud Unreasonable Inquiry Reasoning UK Fraud And Private Cause." [Dkt. no. 147.] The filing contains a form "Complaint for a Civil Case," with a hand-written notation stating "No Amend To Complaint Due To Fraud." [Id. at PageID.2404.] The Court liberally construes the filing as Plaintiff's Amended Complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

The standards for screening a pro se complaint and application to proceed *in forma pauperis* were stated in the 4/22 Order and will not be repeated here. [4/22 Order at 2-4.]

Even liberally construed, the Amended Complaint is devoid of any factual allegations, and fails to state a cognizable claim for relief. The Amended Complaint contains only a statement that the basis for jurisdiction is Title 28 United States Code Section 1331, and the amount in controversy. [Amended Complaint at PageID.2406-07.] The only other attachment is a copy of the Ten Commandments. [Id. at PageID.2417.] The

2

Amended Complaint does not address the defects identified in the 4/22 Order, and therefore the Amended Complaint must be dismissed.

Because Plaintiff was provided an opportunity to amend her complaint to state clear claims for relief, and Plaintiff failed to do so, dismissal is with prejudice. It is clear that granting Plaintiff leave to amend her complaint again would be futile. See 4/22 Order at 7-8 (cautioning Plaintiff that if she does not file an amended complaint or if the amended complaint does not cure the defects identified in the 4/22 Order, her complaint will be dismissed with prejudice); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

In light of the foregoing, the Court denies as moot: Plaintiff's Applications; Plaintiff's Withdrawal And Transcripts And Request Of The Court, filed June 13, 2024; [dkt. no. 118;] the Application to Proceed in District Court Without Prepaying Fees or Costs, filed June 18, 2024; [dkt. no. 123;] Plaintiff's Request Of The Court, filed June 18, 2024; [dkt. no. 126;] Plaintiff's Accommodation Request, filed June 21, 2024; [dkt. no. 130;] Plaintiff's Request Of The Courts (Mandatory), filed June 24, 2024; [dkt. no. 131;] Plaintiff's Ex Parte Motion: Discovery Of Case (Mandatory), filed June 24, 2024; [dkt. no. 132;] Plaintiff's Motion To Refer To Resolution, filed June 24,

2024; [dkt. no. 134;²] Plaintiff's Ex Parte Motion: To Refer To Resolution (Mandatory), filed June 24, 2024; [dkt. no. 136;] Plaintiff's Ex Parte Motion: To Reassign Magistrate Leslie Kobayashi To Wes Reber Porter, filed June 25, 2024; [dkt. no. 137;] Plaintiff's Ex Parte Motion: Executive Order, filed July 1, 2024; [dkt. no. 141;] Plaintiff's Ex Parte Motion To Set Aside Default Judgment, filed July 1, 2024; [dkt. no. 142;] Plaintiff's Ex Parte Motion: Impeachment, filed July 1, 2024; [dkt. no. 143;] Plaintiff's Ex Parte Motion: To Seek Further Relief: Rural Order (Mandatory), filed July 1, 2024; [dkt. no. 144;] Plaintiff's Ex Parte Motion: To Schedule Appointment UK For Leslie Kobayashi Reasoning: Misconduct/Fraud, filed July 8, 2024; [dkt. no. 150;] Plaintiff's Ex Parte Motion To: Schedule Apt For Leslie Kobayashi Reasoning Fraud of USDC, filed July 8, 2024; [dkt. no. 151;] Plaintiff's Request to Seek Summons, filed July 14, 2024; [dkt. no. 153;] and Plaintiff's Ex Parte Motion for Medical Exam for Defendant; [dkt. nos. 154, 155].

## CONCLUSION

Plaintiff's Amended Complaint, filed July 2, 2024 is HEREBY DISMISSED WITH PREJUDICE, and all of Plaintiff's pending motions are DENIED AS MOOT. There being no remaining claims in

---

² Plaintiff also appears to have withdrawn this filing. See Confidential Letter And Withdrawal, filed 6//27/24 (dkt. no. 139).

4

this case, the Court DIRECTS the Clerk's Office to enter final judgment and close the case on **July 31, 2024**.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, July 16, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**VICTORIA R. KORDA VS. STATE OF HAWAII HOSPITAL, ET AL; CV 24-00109 LEK-WRP; ORDER DISMISSING CASE WITH PREJUDICE AND DENYING OUTSTANDING MOTIONS AS MOOT**